# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY H. WHITE, individually, and as Administrator of THE ESTATE OF ELEANOR WHITE, and WHITE OAKS REHABILITATION AND NURSING CENTER,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>IRONSHORE SPECIALITY INSURANCE COMPANY,<br><br>　　　　　　　　Defendant. | Civil Action No. 2:25-cv-1290 |

## NOTICE OF REMOVAL OF IRONSHORE SPECIALTY INSURANCE COMPANY

TO THE CLERK OF THE COURT OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK:

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Ironshore Specialty Insurance Company (incorrectly named as "Ironshore Speciality Insurance Company") ("Ironshore") submits this Notice of Removal of this action from the Supreme Court of the State of New York, County of Nassau, to the United States District Court for the Eastern District of New York. In support of removal, Ironshore states as follows:

### BACKGROUND

1.　　On January 31, 2025, Plaintiffs Jeffrey H. White, individually, and as Administrator of The Estate of Eleanor White, and White Oaks Rehabilitation and Nursing Center (collectively, "Plaintiffs") filed a Summons and Verified Complaint against Defendant Ironshore in the Supreme Court of the State of New York, County of Nassau (the "State Court"), in Index No. 602409/2025 (the "State Court Action"). *See* Ex. 1.

2. On February 20, 2025, Ironshore was served with a copy of the Summons and Verified Complaint. *See* Ex. 2.

3. Attached hereto as Exhibit 3 is a copy of the docket in the State Court Action.

4. Attached hereto as Exhibit 4 is a copy of all other process, pleadings, and orders filed or served upon Ironshore in the State Court Action in addition to Exhibit 1 – namely, a "Notice of Commencement of Action Subject to Mandatory Electronic Filing" and an affidavit of service.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

5. This removal notice is timely under 28 U.S.C. § 1446(b) because it has been filed within thirty days after the receipt by Ironshore, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

6. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

7. Removal of this action to this Court, district, and division is proper because the Supreme Court of the State of New York, County of Nassau, where Plaintiffs filed the State Action, is located within the geographic area embraced by the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 112(c).

## BASIS FOR JURISDICTION

8. Removal is proper because this Court has jurisdiction over this civil action under

28 U.S.C. § 1332(a), given that complete diversity of citizenship exists among the parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

9. This action is not a "direct action" within the meaning of 28 U.S.C. § 1332(c)(1). "A direct action is a lawsuit by a person claiming against an insured but suing the insurer directly instead of pursuing compensation indirectly through the insured." *In re Johns-Manville Corp.*, 759 F.3d 206, 209 n.2 (2d Cir. 2014). "[S]imply because an insurer is a direct party does not make the litigation a direct action." *Rosa v. Allstate Ins. Co.*, 981 F.2d 669, 674 (2d Cir. 1992).

10. Complete diversity exists among the parties.

11. "[W]hen a person sues individually and as the legal representative of the decedent's estate, the court must examine the citizenship of the individual and that of the decedent to determine whether diversity exists." *Lapkin v. AVCO Corp. ex rel. KS Gleitlager USA, Inc.*, No. 3:11-CV-3424-L, 2012 WL 1977318, at *2 (N.D. Tex. May 31, 2012); *see also Estate of Thomas ex rel. Thomas v. Wakefern Food Corp.*, No. 3:12-CV-01723 (CSH), 2012 WL 6212657, at *3 (D. Conn. Dec. 13, 2012) ("[F]or purposes of diversity jurisdiction, the administratrix of an estate has the same citizenship as the decedent.") (internal formatting omitted).

12. Plaintiff Jeffrey H. White, individually, resides in Delray Beach, Florida and is a citizen of Florida.

13. Plaintiff Jeffrey H. White, as Administrator of the Estate of Eleanor White, is a citizen of the same state of which Eleanor White was a citizen at the time of her death. *See Estate of Thomas*, 2012 WL 6212657 (relying on citizenship of decedent at the time of her death). It is Ironshore's understanding that at her death, Eleanor White resided in Delray Beach, Florida and was a citizen of Florida. *See* Ex. 5 (obituary for Eleanor White of Delray Beach, Florida).

Accordingly, Plaintiff Jeffrey H. White, as Administrator of the Estate of Eleanor White, is a citizen of Florida.

14. Ironshore issued the policy of insurance at issue in this matter to "Jeffrey H and The Estate of Eleanor White."

15. It is Ironshore's understanding that Jeffrey H and The Estate of Eleanor White operate and do business as White Oaks Rehabilitation and Nursing Center ("White Oaks"), *see* Ex. 6 (New York State Health Profile for White Oaks), but that White Oaks does not have an independent legal existence of its own, *see* Ex. 7 (results of search of New York Department of State records for entities with "White Oaks" in name, showing no results for "White Oaks Rehabilitation and Nursing Center").

16. Accordingly, White Oaks is a legal nullity. Under 28 U.S.C. § 1441(b)(1), "[i]n determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." "[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Savs. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). So the diversity-jurisdiction analysis disregards White Oaks' citizenship.

17. Defendant Ironshore is an Arizona corporation with its principal place of business in Massachusetts.

18. Accordingly, the only proper plaintiff, Jeffrey H. White, is a citizen of Florida; Ironshore is a citizen of Arizona and Massachusetts; and complete diversity of citizenship therefore exists among the parties, in satisfaction of 28 U.S.C. § 1332(a).

19. This case also satisfies the amount-in-controversy requirement of 28 U.S.C. § 1332(a) because Plaintiffs seek damages that exceed $75,000.00, exclusive of interest and costs.

20. As a general matter, "[i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

21. Plaintiffs allege that "Defendant caused the Plaintiffs to incur a default judgment against them in the amount of $1,100,000.00, plus interest." Ex. A ¶ 97.

22. In Plaintiffs' Fifth Cause of Action (for breach of contract), "Plaintiffs…demand judgment in the amount of at least $1,100,000.00." *Id.* ¶ 98.

23. In Plaintiffs' Sixth Cause of Action (for breach of the covenant of good faith and fair dealing), Plaintiffs state that they "are entitled to compensatory damages from Defendant in the amount of at least $1,100,000.00, plus costs and interest, including pre-judgment interest, as well as punitive damages." *Id.* ¶ 111.

24. In Plaintiffs' Seventh Cause of Action (for bad faith), Plaintiffs state that they "are entitled to compensatory damages from Defendant in the amount of at least $1,100,000.00, plus costs and interest, including pre-judgment interest, as well as punitive damages." *Id.* ¶ 120.

## NOTICE TO PARTIES AND STATE COURT

25. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly filed with the Clerk of the Supreme Court of the State of New York, County of Nassau, and served on all parties and counsel of record in this action.

26. Ironshore respectfully submits that this action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated:  March 6, 2025

Respectfully submitted,

HANGLEY ARONCHICK SEGAL
PUDLIN & SCHILLER

/s/ *Andrew M. Erdlen*
Ronald P. Schiller (application for admission *pro hac vice* forthcoming)
Daniel J. Layden (application for admission *pro hac vice* forthcoming)
Andrew M. Erdlen
Thomas N. Brown (application for admission *pro hac vice* forthcoming)
One Logan Square, 27th Floor
Philadelphia, PA 19103
(215) 568-6200
(215) 568-0300 (facsimile)
rschiller@hangley.com
dlayden@hangley.com
aerdlen@hangley.com
tbrown@hangley.com

*Counsel for Defendant Ironshore Specialty Insurance Company (incorrectly named as "Ironshore Speciality Insurance Company")*

## **CERTIFICATE OF SERVICE**

I, Andrew M. Erdlen, hereby certify that on March 6, 2025, I caused the foregoing Notice of Removal of Ironshore Specialty Insurance Company to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record, and to be sent via U.S. Mail, postage prepaid, to the following:

Evan W. Klestzick, Esq.
McDonnell Adels & Klestzick, PLLC
401 Franklin Avenue – Suite 200
Garden City, NY 11530

*Counsel for Plaintiffs Jeffrey H. White, individually, and as Administrator of the Estate of Eleanor White, and White Oaks Rehabilitation and Nursing Center*

By: */s/ Andrew M. Erdlen*
     Andrew M. Erdlen